**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JEREMIAH CAIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-CV-14282 |
| | ) | |
| v. | ) | Judge Martha M. Pacold |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR FINDING OF GOOD FAITH SETTLEMENT**

Plaintiff **JEREMIAH CAIN** ("Plaintiff") and **DEFENDANT COOK COUNTY**
(collectively, the "Settling Parties"), by their undersigned attorneys, respectfully submit the
following joint motion for a finding that the settlement reached between the Settling Parties is in
good faith. In support thereof, the Settling Parties show to the Court the following:

1.       On October 7, 2024, Plaintiff filed his Second Amended Complaint against the
Cook County, former ASA Nancy Nazaraian (collectively, the "County Defendants") and others.
Dkt. 101. Plaintiff alleged that the County Defendants violated and conspired to violate his rights
under the Fifth and Fourteenth Amendments by fabricating evidence, withheld exculpatory
evidence from him, extracted a coerced and false confession, and maliciously prosecuted him for
the crimes in violation of his Fourth Amendment rights. *Id.*

2.       The Settling Parties have entered into an agreement (the "Settlement Agreement")
to settle all claims against the County Defendants pursuant to the terms of the Settlement
Agreement, which is attached hereto as **Exhibit A**. The settlement provides for a $3,000,000.00
payment to Plaintiff, and the Settling Parties will each bear their own costs, fees, and expenses.

3.     The Settling Parties seek an order from this Court finding that the Settlement Agreement was made in good faith. This Court has the authority to make such a finding under federal common law and Illinois law because issues of setoff and contribution may be affected by the Settlement Agreement. *Fox v. Barnes*, 2013 WL 2111816, at *6-9 (N.D.Ill. May 15, 2013).

4.     The Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2 (the "Act") provides that a finding of good faith resolves issues of setoff and contribution by releasing a settling defendant from liability for contribution to remaining defendants. *See* 740 ILCS 100/2(d). "The 'good faith' of a settlement is the only limitation which the Act places on the right to settle, and it is the good-faith nature of the settlement that extinguishes the contribution liability of the settling tortfeasor." *Johnson v. United Airlines*, 784 N.E.2d 812, 818 (Ill. 2003). The policy of the act is to encourage settlements and the equitable apportionment of damages among tortfeasors. *Bulson v. Helmold*, 2018 WL 5729752, at *2 (N.D. Ill. Nov. 2, 2018).

*5.*     "When a trial court is notified that a settlement has been reached and is asked to determine the good faith nature of the settlement, the court 'should rule on the good faith of the settlement as soon as practicable, apart from and in advance of any trial on the tort issues.'" *Sachs v. Reef Aquaria Design, Inc.*, No. 06 C 1119, 2008 WL 780633, at *3 (N.D. Ill. Mar. 20, 2008) (quoting *Johnson*, 784 N.E.2d at 818). The Settling Parties bear the initial burden of making a preliminary showing of good faith, after which any challenging parties must prove the absence of good faith by a preponderance of the evidence. *Id.*

6.     As another court in this District has explained:

> To evaluate whether a settlement was made in good faith, a court may consider: (1) "whether the amount paid by the settling tortfeasor was within a reasonable range of the settlor's fair share;" (2) "whether there was a close personal relationship between the settling parties;" (3) "whether the plaintiff sued the settlor;" and (4) "whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement." *Wreglesworth v.*

2

> *Arctco, Inc.*, 740 N.E.2d 444, 449 (Ill. App. Ct. 2000) (quotations and citations
> omitted). "No single factor is seen as determinative." *Id.* Illinois courts consistently
> hold that it is unnecessary for a trial court to conduct separate evidentiary hearings,
> decide the merits of the tort case, or rule on the relative liabilities of the parties
> before making a good faith determination. *See Johnson*, 784 N.E.2d at 824; *Smith
> v. Texaco, Inc.*, 597 N.E.2d 750, 755 (Ill. App. Ct. 1992); *Ruffino v. Hinze*, 537
> N.E.2d 871, 874 (Ill. App. Ct. 1989).

*Sachs*, 2008 WL 780633, at *3 (some citations omitted).

7.      To satisfy the burden of making a preliminary showing of good faith, the Settling

Parties must show the existence of a legally valid settlement agreement, and settlements

involving the exchange of consideration have been held to be *prima facie* valid and, therefore,

were presumed to be in good faith. *Id.* at *3-4 (citing *Johnson*, 784 N.E.2d. at 819).

8.      In this case, each factor set out above demonstrates that the Settlement Agreement

was made by the Settling Parties in good faith.

9.      The Settlement Agreement is supported by adequate and reasonable

consideration, given the litigation risks to both sides, the available damages, and the attorneys'

fees and costs on both sides. *See* Ex. A, ¶¶ 4-5.

10.     As such, the Settlement Agreement is *prima facie* valid and should be presumed

to be in good faith.

11.     In addition, there is no personal relationship between the Settling Parties, and

each has been represented by separate counsel throughout this litigation, who have conducted

settlement negotiations at arms-length. *See* Ex. A.

12.     Finally, neither Plaintiffs nor the County Defendants have concealed the terms or

circumstances of their Settlement Agreement, which is demonstrated by the fact that the

agreement is attached to this motion as Exhibit A, and it makes clear it is the entire agreement

between the parties. *Id.* at ¶ 11.

13.     Accordingly, the Settlement Agreement has been made in good faith and reflects a measured understanding of the risks to the Settling Parties of proceeding with the litigation versus engaging in a pretrial settlement. The Settlement Parties have met their burden of establishing that the Settlement Agreement was made in good faith.

14.     Though Plaintiffs' claims against the County Defendants will be dismissed with prejudice upon the Court's finding of good faith, this matter shall continue and proceed against all remaining City Defendants.

WHEREFORE, for these reasons, Plaintiffs and the County Defendants respectfully request that the Court enter its order (1) finding that the Settlement Agreement was made in good faith and is fair and reasonable, and (2) any additional relief that this Court deems just and proper.

Respectfully submitted,

/s/ Ashley Cohen_____
ASHLEY COHEN
Bonjean Law Group
303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231
Tel: 718.875.1850
Fax: 914.462.3483
Email: ashley@bonjeanlaw.com

Chicago Office:
Bonjean Law Group, PLLC
53 W. Jackson Blvd., Ste. 315
Chicago, Illinois 60604
*Counsel for Plaintiff*

/s/ Kelli Huntsman_____
KELLI HUNTSMAN
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60602
Kelli.huntsman@cookcountysao.org
(312) 603-7379
*Counsel for Defendant Cook County*

4